MORGAN, LEWIS & BOCKIUS LLP
Andrew V. Devkar, CA SBN 228809
andrew.devkar@morganlewis.com
2049 Century Park East
Suite 700
Los Angeles, CA 90067-3109
Tel:   +1.310.907.1000
Fax:   +1.310.907.2000

Natalie A. Bennett (*pro hac vice forthcoming*)
natalie.bennett@morganlewis.com
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Tel:   +1.212.739.3000
Fax:   +1.212.739.3001

Attorneys for Defendant Microsoft Corporation

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TS-OPTICS CORPORATION,<br><br>  Plaintiff,<br><br>  vs.<br><br>MICROSOFT CORPORATION,<br><br>  Defendant. | Case No. 8:24-cv-01974-DOC-DFM<br><br>**MICROSOFT CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Defendant Microsoft Corporation submits its Answer, Affirmative Defenses, and Counterclaims to Plaintiff TS-Optics Corporation's First Amended Complaint. Microsoft denies each and every allegation or characterization in the Complaint that is not expressly admitted herein. Any factual allegations below are admitted only as to the specific admitted facts and not as to any purported conclusions, characterizations, implications, or speculations that Plaintiff may argue follows from the admitted facts. Microsoft further denies that Plaintiff is entitled to the relief requested or any other relief.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 8:24-cv-01974-DOC-DFM
MICROSOFT CORPORATION'S ANSWER
AND AFFIRMATIVE DEFENSES

**INTRODUCTION AND PARTIES**

1. This complaint arises from Defendant's unlawful infringement of the following United States patents owned by TS-Optics: U.S. Patent No. 7,266,055 ("'055 patent") and U.S. Patent No. 9,612,709 ("'709 patent") (collectively, the "Asserted Patents"). TS-Optics owns all rights, title, and interest in both of the Asserted Patents to file this case.

**ANSWER:** Microsoft admits that the Complaint purports to set forth claims for patent infringement. Microsoft admits that TS-Optics purports to be the last listed assignor of the Asserted Patents on the USPTO website. Microsoft is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and therefore denies the same.

2. TS-Optics is a company organized and existing under the laws of the state of South Korea, having its place of business at 126-ho, 1st Basement Level, Seoun-ro 13, Seocho-gu, Seoul, Republic of Korea.

**ANSWER:** Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and therefore denies the same.

3. Defendant Microsoft Corporation is a Washington corporation with business offices in California, including in this district. Microsoft Corporation may be served with process through its registered agent, CSC – Lawyers Incorporating Service, at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

**ANSWER:** Microsoft admits that it is a Washington corporation with its principal place of business at One Microsoft Way, Redmond, Washington 98052. Microsoft admits that it has a registered agent at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833. Microsoft does not contest service of the Complaint in this action. Microsoft otherwise denies the allegations set forth in this paragraph of the Complaint.

Morgan, Lewis & Bockius LLP
Attorneys at Law
Los Angeles

2

Case No. 8:24-cv-01974-DOC-DFM
MICROSOFT CORPORATION'S ANSWER
AND AFFIRMATIVE DEFENSES

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Microsoft admits that this purports to be an action for alleged patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, but denies that Plaintiff's claims have merit. Microsoft admits that the Complaint is based on the patent laws of the United States and asserts subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Microsoft otherwise denies the allegations set forth in this paragraph of the Complaint.

5. This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continue to commit acts of infringement in this District by, among other things, making, using, offering to sell, selling, and/or importing products that infringe the asserted patents, and inducing others to do the same.

**ANSWER:** Admitted except as to the allegation that Microsoft "directly and through subsidiaries or intermediaries, has committed and continue to commit acts of infringement in this District by, among other things, making, using, offering to sell, selling, and/or importing products that infringe the asserted patents, and inducing others to do the same," which Microsoft denies. Microsoft further denies any characterization that Plaintiff's claims have any merit.

6. Venue is proper in this District under 28 U.S.C. § 1400(b). Defendant has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the asserted patents. Defendant has a regular and established place of business in the District.

Morgan, Lewis & Bockius LLP
Attorneys at Law
Los Angeles

3

Case No. 8:24-cv-01974-DOC-DFM
MICROSOFT CORPORATION'S ANSWER
AND AFFIRMATIVE DEFENSES

These include Microsoft offices, for example Microsoft's offices at 13031 W. Jefferson Blvd., Ste. 200, Playa Vista, California 90094; and 3 Park Plaza, Suite 1600, Irvine, California 92614.

**ANSWER:** Microsoft admits that venue is proper in this District under 28 U.S.C. § 1400(b) for purposes of this litigation. Microsoft admits that it has offices at 13031 W. Jefferson Blvd., Ste. 200, Playa Vista, California 90094; and 3 Park Plaza, Suite 1600, Irvine, California 92614. Microsoft denies that it has committed any acts of infringement in this District or elsewhere.

## COUNT 1

## INFRINGEMENT OF U.S. PATENT NO. 7,266,055

7. TS-Optics realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

**ANSWER:** Microsoft realleges and incorporates by reference each of the answers in the foregoing paragraphs as if fully set forth herein.

8. TS-Optics owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,266,055, titled "Optical pickup actuator and optical disk drive using the same and method." The '055 patent was duly and legally issued by the United States Patent and Trademark Office on September 4, 2007. A true and correct copy of the '055 patent is attached as Exhibit 1.

**ANSWER:** Microsoft admits that U.S. Patent No. 7,266,055 is titled "Optical pickup actuator and optical disk drive using the same and method" and was issued by the United States Patent and Trademark Office on September 4, 2007. Microsoft admits that Exhibit 1 purports to be a copy of the '055 patent. Microsoft is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint and therefore denies the same.

9. Defendant has been aware of the '055 patent since at least July 2011. On information and belief, in July 2011, Defendant and Samsung Electronics entered into a cross-license agreement that included the '055 patent. This agreement terminated in approximately July

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

Case No. 8:24-cv-01974-DOC-DFM
MICROSOFT CORPORATION'S ANSWER
AND AFFIRMATIVE DEFENSES

2018. In addition, on November 17, 2022, TS-Optics sent Defendant a letter notifying it of their infringement as well as offering to discuss a license.

**ANSWER:** Microsoft admits that counsel for TS-Optics Corporation sent a letter dated September 28, 2022 to Microsoft Corporation. Microsoft admits that counsel for TS-Optics provided a "claim chart" for the '055 Patent on November 11, 2022. Microsoft denies that it has committed any acts of infringement. Microsoft is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint and therefore denies the same.

10. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports into the United States certain products that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '055 patent, including, without limitation, Microsoft's XBOX One, XBOX One S, XBOX One X, and XBOX Series X, and all versions and variations thereof since the issuance of the '055 patent ("'055 Accused Products").

**ANSWER:** Microsoft admits that it has offered for sale products by the name of Microsoft's XBOX One, XBOX One S, XBOX One X, and XBOX Series X. Microsoft denies all remaining allegations set forth in this paragraph.

11. Defendant also knowingly and intentionally induces infringement of one or more claims of the '055 patent in violation of 35 U.S.C. §271(b). Defendant has had knowledge of the '055 patent and the infringing nature of the '055 Accused Products at least July 2011 and no later than the date this Complaint was filed. Despite knowledge of the '055 patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the '055 Accused Products in ways that directly infringe the '055 patent. Defendant does so knowing and intending that these customers and end users will commit these infringing acts. Defendant also continues to make, use, sell, offer for sale, and/or import the '055 Accused Products, despite their knowledge of the '055 patent, thereby specifically intending for and inducing its customers to infringe the '055 patent through their customers' normal and customary use of the '055 Accused Products.

Morgan, Lewis & Bockius LLP
Attorneys at Law
Los Angeles

5

Case No. 8:24-cv-01974-DOC-DFM
MICROSOFT CORPORATION'S ANSWER
AND AFFIRMATIVE DEFENSES

1   **ANSWER:** Denied.

2   12.  The '055 Accused Products satisfy all claim limitations of one or more claims of the '055 patent. A claim chart comparing claim 1 of the '055 patent to a representative '055 Accused Product is attached as Exhibit 2.

**ANSWER:** Microsoft admits that Exhibit 2 to the Complaint purports to be a claim chart concerning claim 1 of the '055 Patent. Microsoft denies all remaining allegations set forth in this paragraph.

13.  By making, using, offering for sale, selling and/or importing into the United States the '055 Accused Products, Defendant has injured TS-Optics and is liable for infringement of the '055 patent pursuant to 35 U.S.C. § 271.

**ANSWER:** Denied.

14.  Defendant has and continues to infringe the '055 patent, acting with an objectively high likelihood that its actions constitute infringement of the '055 patent. Defendant has known or should have known of this risk since at least July 2011. Accordingly, Defendant's infringement of the '055 patent has been and continues to be willful.

**ANSWER:** Denied.

15.  As a result of Defendant's infringement of the '055 patent, TS-Optics is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

**ANSWER:** Denied.

## COUNT II
### INFRINGEMENT OF U.S. PATENT NO. 9,612,709

16.  TS-Optics realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

**ANSWER:** Microsoft realleges and incorporates by reference each of the answers in the foregoing paragraphs as if fully set forth herein.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

Case No. 8:24-cv-01974-DOC-DFM
MICROSOFT CORPORATION'S ANSWER
AND AFFIRMATIVE DEFENSES

17. TS-Optics owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,612,709, titled "Mobile terminal-based virtual game controller and remote control system using the same." The '709 patent was duly and legally issued by the United States Patent and Trademark Office on April 4, 2017. A true and correct copy of the '709 patent is attached as Exhibit 3.

**ANSWER:** Microsoft admits that U.S. Patent No. 9,612,709 is titled "Mobile terminal-based virtual game controller and remote control system using the same" and was issued by the United States Patent and Trademark Office on April 4, 2017. Microsoft admits that Exhibit 3 purports to be a copy of the '709 patent. Microsoft is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint and therefore denies the same.

18. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports into the United States certain products that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '709 patent, including, without limitation, XBOX Cloud Gaming, and all versions and variations thereof since the issuance of the '709 patent ("'709 Accused Products").

**ANSWER:** Microsoft admits that it has offered for sale the service by the name of XBOX Cloud Gaming. Microsoft denies all remaining allegations set forth in this paragraph.

19. Defendant also knowingly and intentionally induces infringement of one or more claims of the '709 patent in violation of 35 U.S.C. §271(b). Defendant has had knowledge of the '709 patent and the infringing nature of the '709 Accused Products at least as of the date this this Complaint was filed. Despite knowledge of the '709 patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the '709 Accused Products in ways that directly infringe the '709 patent. Defendant does so knowing and intending that these customers and end users will commit these infringing acts. Defendant also continues to make, use, sell, offer for sale, and/or import the '709 Accused Products, despite their knowledge of the '709 patent, thereby specifically

intending for and inducing its customers to infringe the '709 patent through their customers' normal and customary use of the '709 Accused Products.

**ANSWER:** Denied.

20. The '709 Accused Products satisfy all claim limitations of one or more claims of the '709 patent. A claim chart comparing claim 4 of the '709 patent to a representative '709 Accused Product is attached as Exhibit 4.

**ANSWER:** Microsoft admits that Exhibit 4 to the Complaint purports to be a claim chart concerning claim 4 of the '709 Patent. Microsoft denies all remaining allegations set forth in this paragraph.

21. By making, using, offering for sale, selling and/or importing into the United States the '709 Accused Products, Defendant has injured TS-Optics and is liable for infringement of the '709 patent pursuant to 35 U.S.C. § 271.

**ANSWER:** Denied.

22. As a result of Defendant's infringement of the '709 patent, TS-Optics is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

**ANSWER:** Denied.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of TS-Optics that Defendant has infringed, either literally and/or under the doctrine of equivalents, the Asserted Patents;

**ANSWER:** Microsoft denies that TS-Optics is entitled to any relief from Microsoft, whether sought in the Prayer for Relief or otherwise. TS-Optics' Prayer for Relief should be denied in its entirety and with prejudice, and TS-Optics should take nothing from Microsoft.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

Case No. 8:24-cv-01974-DOC-DFM
MICROSOFT CORPORATION'S ANSWER
AND AFFIRMATIVE DEFENSES

b. A judgment and order requiring Defendant to pay TS-Optics its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Asserted Patents;

**ANSWER:** Microsoft denies that TS-Optics is entitled to any relief from Microsoft, whether sought in the Prayer for Relief or otherwise. TS-Optics' Prayer for Relief should be denied in its entirety and with prejudice, and TS-Optics should take nothing from Microsoft.

c. A judgment and order requiring Defendant to pay TS-Optics compulsory ongoing licensing fees, as determined by the Court;

**ANSWER:** Microsoft denies that TS-Optics is entitled to any relief from Microsoft, whether sought in the Prayer for Relief or otherwise. TS-Optics' Prayer for Relief should be denied in its entirety and with prejudice, and TS-Optics should take nothing from Microsoft.

d. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding TS-Optics its reasonable attorneys' fees against Defendant;

**ANSWER:** Microsoft denies that TS-Optics is entitled to any relief from Microsoft, whether sought in the Prayer for Relief or otherwise. TS-Optics' Prayer for Relief should be denied in its entirety and with prejudice, and TS-Optics should take nothing from Microsoft.

e. A judgement that Defendant's infringement of the '055 patents has been and continues to be willful and deliberate; and

**ANSWER:** Microsoft denies that TS-Optics is entitled to any relief from Microsoft, whether sought in the Prayer for Relief or otherwise. TS-Optics' Prayer for Relief should be denied in its entirety and with prejudice, and TS-Optics should take nothing from Microsoft.

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

**ANSWER:** Microsoft denies that TS-Optics is entitled to any relief from Microsoft, whether sought in the Prayer for Relief or otherwise. TS-Optics' Prayer for Relief should be denied in its entirety and with prejudice, and TS-Optics should take nothing from Microsoft.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

Case No. 8:24-cv-01974-DOC-DFM
MICROSOFT CORPORATION'S ANSWER
AND AFFIRMATIVE DEFENSES

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

**ANSWER:** Microsoft admits that TS-Optics demanded a trial by jury.

**DEFENSES AND AFFIRMATIVE DEFENSES**

Microsoft asserts the following defenses and affirmative defenses without assuming any burden of proof when such burden would otherwise be on TS-Optics. Microsoft repeats and incorporates by reference each of its answers in paragraphs 1 through 22, the Prayer for Relief, and the Demand for Jury Trial as set forth above with each of the following defenses as if fully set forth herein. Further, Microsoft specifically reserves all rights to assert additional defenses and affirmative defenses as additional information becomes available.

**FIRST DEFENSE**

TS-Optics has failed to plead its claims with sufficient specificity or factual support to place Microsoft on notice of the claims TS-Optics is asserting against it, such that TS-Optics failed to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Microsoft has not infringed and does not infringe any valid and enforceable claim of the '055 Patent, either directly or indirectly, either literally or under the doctrine of equivalents, because the accused instrumentalities do not practice all claim limitations of any claim of the patent.

**THIRD DEFENSE**

The claims of the '055 Patent are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or Title 37, Code of Federal Regulations, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

**FOURTH DEFENSE**

TS-Optics' claims against Microsoft are barred, in whole or in part, by the doctrines of prosecution history estoppel and disclaimer, including based on the patent applicant's statements, arguments, and acquiescence to the U.S. Patent & Trademark Office ("USPTO")'s examiner during

Morgan, Lewis & Bockius LLP
Attorneys at Law
Los Angeles

10

Case No. 8:24-cv-01974-DOC-DFM
MICROSOFT CORPORATION'S ANSWER
AND AFFIRMATIVE DEFENSES

the prosecution of U.S. Patent Application No. 10/849,190, which issued as U.S. Patent No. 7,266,055 B2.

### FIFTH DEFENSE

Microsoft has not committed any acts of infringement, willful or otherwise, in this District or elsewhere, and the '055 Patent is invalid, and thus TS-Optics cannot prove that it is entitled to enhanced damages or that this case is otherwise exceptional under 35 U.S.C. § 285.

### SIXTH DEFENSE

Microsoft has not infringed and does not infringe any valid and enforceable claim of the '709 Patent, either directly or indirectly, either literally or under the doctrine of equivalents, because the accused instrumentalities do not practice all claim limitations of any claim of the patent.

### SEVENTH DEFENSE

The claims of the '709 Patent are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or Title 37, Code of Federal Regulations, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103 and 112. For example, the claims are anticipated and/or obvious in view of at least the subject matter and claims of U.S. Patent Application No. 2013/0187886, U.S. Patent No. 7,708,641, U.S. Patent Application No. 2012/0081287, GB 2471883 A, U.S. Patent Application No. 2011/0246902, and/or U.S. Patent No. 8,449,393.

### EIGHTH DEFENSE

TS-Optics' claims against Microsoft are barred, in whole or in part, by the doctrines of prosecution history estoppel and disclaimer, including based on the patent applicant's statements, arguments, and acquiescence to the U.S. Patent & Trademark Office ("USPTO")'s examiner during the prosecution of U.S. Patent Application No. 13/924,186, which issued as U.S. Patent No. 9,612,709 B2.

### NINTH DEFENSE

TS-Optics' claims against Microsoft for recovery are barred, in whole or in part, by 35 U.S.C. § 286. For the purposes of this defense, the relevant calculation period for damages—as

Morgan, Lewis & Bockius LLP
Attorneys at Law
Los Angeles

11

Case No. 8:24-cv-01974-DOC-DFM
MICROSOFT CORPORATION'S ANSWER
AND AFFIRMATIVE DEFENSES

prescribed by statute—cannot be more than six years prior to the filing of the Original Complaint.

**TENTH DEFENSE**

TS-Optics' claims against Microsoft for recovery are barred, in whole or in part, by 35 U.S.C. § 287.

**ELEVENTH DEFENSE**

TS-Optics is precluded from recovering costs under 35 U.S.C. § 288.

**TWELFTH DEFENSE**

TS-Optics' claims are barred by 28 U.S.C. § 1498 to the extent that the Microsoft Accused Products have been used or manufactured by or for the United States.

**THIRTEENTH DEFENSE**

TS-Optics' claims against Microsoft are barred or limited by the equitable doctrine of lashes, estoppel, waiver, unclean hands, and/or other equitable doctrines.

**FOURTEENTH DEFENSE**

TS-Optics' claims against Microsoft are untimely and/or barred by the applicable statutes of limitation.

**COUNTERCLAIMS**

Microsoft Corporation ("Microsoft") states the following as its Counterclaims against TS-Optics.

**PARTIES**

1. Counterclaimant Microsoft is a Washington corporation with its principal place of business located at One Microsoft Way, Redmond, Washington 98052.

2. On information and belief, counterclaim defendant TS-Optics has alleged it is a company organized and existing under the laws of the state of South Korea, having its place of business at 126-ho, 1st Basement Level, Seoun-ro 13, Seocho-gu, Seoul, Republic of Korea.

**JURISDICTION AND VENUE**

3. These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

12

Case No. 8:24-cv-01974-DOC-DFM
MICROSOFT CORPORATION'S ANSWER
AND AFFIRMATIVE DEFENSES

Morgan, Lewis & Bockius LLP
Attorneys at Law
Los Angeles

4. Subject to Microsoft's defenses and denials stated above, this Court has jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331, 1338(a), 1367, and 2201–2202.

5. This Court has personal jurisdiction over TS-Optics because, inter alia, TS-Optics has submitted to the jurisdiction of this Court by purposefully availing itself of the benefits and protections of the laws of this judicial district by filing suit in this district.

6. Subject to Microsoft's defenses and denials as stated above, venue for this Counterclaim is proper to this judicial district because TS-Optics has consented to this venue through the filing of a claim of patent infringement against Microsoft in this judicial district, in response to which this Counterclaim is being asserted.

**COUNT I (Declaratory Judgement of Noninfringement of the '055 Patent)**

7. Microsoft realleges and incorporates by reference the allegations in Paragraphs 1–6 of its Counterclaims and all of the Defenses and Affirmative Defenses above as if fully set forth herein.

8. Although TS-Optics alleges in its Original Complaint that Microsoft has infringed one or more claims of the '055 Patent, Microsoft has not infringed and does not infringe any valid and enforceable claim of the '055 Patent, either directly, indirectly, literally or under the doctrine of equivalents, because the accused instrumentalities do not practice every claimed limitation.

9. An actual controversy exists with respect to the alleged infringement of the '055 Patent.

10. Absent a declaration and order as sought by Microsoft, TS-Optics will continue to wrongfully assert that Microsoft has infringed claims of the '055 Patent, thereby causing Microsoft irreparable injury and damage.

11. A judicial determination of the respective rights of the parties with respect to the claims of the '055 Patent is now necessary and appropriate under 28 U.S.C. §§ 2201 and 2202.

**COUNT II (Declaratory Judgment of Invalidity of the '055 Patent)**

12. Microsoft realleges and incorporates by reference the allegations in Paragraphs 1–

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

13

Case No. 8:24-cv-01974-DOC-DFM
MICROSOFT CORPORATION'S ANSWER
AND AFFIRMATIVE DEFENSES

11 of its Counterclaims and all of the Defenses and Affirmative Defenses above as if fully set forth herein.

13. TS-Optics alleges in its Original Complaint that the '055 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. However, on information and belief, each claim of the '055 Patent asserted against Microsoft is invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C. § 101 et seq., including but not limited to sections 102, 103, and 112.

14. An actual controversy exists with respect to the alleged infringement of the '055 Patent and the validity of the claims of the '055 Patent.

15. Absent a declaration and order as sought by Microsoft, TS-Optics will continue to wrongfully assert that Microsoft has infringed the '055 Patent, thereby causing Microsoft irreparable injury and damage.

16. A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '055 Patent is now necessary and appropriate under 28 U.S.C. §§ 2201 and 2202.

**COUNT III (Declaratory Judgment of Noninfringement of the '709 Patent)**

17. Microsoft realleges and incorporates by reference the allegations in Paragraphs 1–16 of its Counterclaims and all of the Defenses and Affirmative Defenses above as if fully set forth herein.

18. Although TS-Optics alleges in its Original Complaint that Microsoft has infringed one or more claims of the '709 Patent, Microsoft has not infringed and does not infringe any valid and enforceable claim of the '709 Patent, either directly, indirectly, literally or under the doctrine of equivalents, because the accused instrumentalities do not practice every claimed limitation.

19. An actual controversy exists with respect to the alleged infringement of the '709 Patent.

20. Absent a declaration and order as sought by Microsoft, TS-Optics will continue to wrongfully assert that Microsoft has infringed claims of the '709 Patent, thereby causing Microsoft

Morgan, Lewis & Bockius LLP
Attorneys at Law
Los Angeles

14

Case No. 8:24-cv-01974-DOC-DFM
MICROSOFT CORPORATION'S ANSWER
AND AFFIRMATIVE DEFENSES

irreparable injury and damage.

21. A judicial determination of the respective rights of the parties with respect to the claims of the '709 Patent is now necessary and appropriate under 28 U.S.C. §§ 2201 and 2202.

**COUNT IV (Declaratory Judgment of Invalidity of the '709 Patent)**

22. Microsoft realleges and incorporates by reference the allegations in Paragraphs 1–21 of its Counterclaims and all of the Defenses and Affirmative Defenses above as if fully set forth herein.

23. TS-Optics alleges in its Original Complaint that the '709 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. However, on information and belief, each claim of the '709 Patent asserted against Microsoft is invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C. § 101 et seq., including but not limited to sections 102, 103, and 112.

24. An actual controversy exists with respect to the alleged infringement of the '709 Patent and the validity of the claims of the '709 Patent.

25. Absent a declaration and order as sought by Microsoft, TS-Optics will continue to wrongfully assert that Microsoft has infringed the '709 Patent, thereby causing Microsoft irreparable injury and damage.

26. A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '709 Patent is now necessary and appropriate under 28 U.S.C. §§ 2201 and 2202.

**MICROSOFT'S PRAYER FOR RELIEF**

Wherefore, Microsoft Corporation respectfully requests that the Court enter an Order and Judgment against TS-Optics, Inc., as follows:

    a. Granting Judgment in favor of Microsoft and against TS-Optics on all counts;

    b. Dismissing with prejudice TS-Optics' Complaint and all purported causes of action therein against Microsoft, denying any and all relief sought by TS-Optics, and ordering that TS-Optics take nothing by reason of its Complaint;

c. Declaring that Microsoft has not infringed and is not currently infringing any claim of the '055 Patent;

d. Declaring that the claims of the '055 Patent are invalid;

e. Declaring that Microsoft has not infringed and is not currently infringing any claim of the '709 Patent;

f. Declaring that the claims of the '709 Patent are invalid;

g. Awarding Microsoft its costs and expenses incurred in this action to the extent authorized by applicable law, including its reasonable attorneys' fees under 35 U.S.C. § 285;

h. That Microsoft be awarded its costs incurred in this action; and

i. Awarding any other such relief as this Court deems just and proper.

Dated: December 10, 2024

*s/ Andew V. Devkar*
MORGAN, LEWIS, & BOCKIUS, LLP
Andrew V. Devkar
2049 Century Park East
Suite 700
Los Angeles, CA 90067-3109
Tel: 310.907.1000
andrew.devkar@morganlewis.com

Natalie A. Bennett
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Tel: 212.739.3000
natalie.bennett@morganlewis.com

*Attorneys for Defendant Microsoft Corporation*

**CERTIFICATE OF SERVICE**

I certify that on December 10, 2024, I caused a true and correct copy of the foregoing document to be served on the counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system, which satisfies service requirements pursuant to L.R. 5-3.2

                                               *s/ Andrew V. Devkar*
                                               Andrew V. Devkar