RUSS AUGUST & KABAT
Benjamin T. Wang (CA SBN 228712)
bwang@raklaw.com
Andrew D. Weiss (CA SBN 232974)
aweiss@raklaw.com
Neil A. Rubin (CA 250761)
nrubin@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Daniel B. Kolko (CA SBN 341680)
dkolko@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
*TS-Optics Corporation*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TS-OPTICS CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | Case No. 8:24-cv-01974-DOC-DFM<br><br>**AMENDED JOINT RULE 26(F) REPORT**<br><br>Scheduling Conf.: February 24, 2025<br>Time: 7:30 a.m.<br>Courtroom: 10A |

The parties file this amended Joint Rule 26(f) Report that includes proposed deadlines that have been extended by approximately 30 days as compared to the original Joint Rule 26(f) report.  The parties agree to propose these amended dates in view of the continuance of the Scheduling Conference (originally scheduled for January 13, 2024) and the parties' intent to maintain approximately the same proposed schedule relative to the date of the Scheduling Conference.  Other than the adjusted proposed dates herein, the Joint Rule 26(f) Report remains identical to the version that was previously filed.

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and the Court's December 13, 2024 Order Setting Scheduling Conference (D.I. 17), Plaintiff TS-Optics Corporation ("Plaintiff" or "TS-Optics") and Defendant Microsoft Corporation ("Defendant" or "Microsoft") (TS-Optics and Microsoft collectively, the "Parties"), by and through their respective counsel of record, conferred, starting on December 23, 2024, and discussed the various procedural and substantive matters pertinent to the instant litigation and hereby jointly submit this Joint Rule 26(f) Report.

## I. SHORT FACTUAL SUMMARY OF THE CASE AND OF CLAIMS AND DEFENSES

### A. TS-Optics' Statement

TS-Optics is the owner by assignment of U.S. Patent No. 7,266,055 (the "'055 patent") and U.S. Patent No. 9,612,709 (the "'709 patent").

The '055 patent is entitled "Optical pickup actuator and optical disk drive using the same and method." The claims of the '055 parent are related to a novel optical pickup actuator. TS-Optics alleges that Microsoft's XBOX One, XBOX One S, XBOX Series X, and XBOX Series X, and all versions and variations thereof. TS-Optics alleges that each of the accused versions of the XBOX includes

1

the optical pickup actuator claimed in the '055 patent, including the claimed blade, suspension wires, magnetic element, and coils.

The '709 patent is entitled "Mobile terminal-based virtual game controller and remote control system using the same." The claims of the '709 patent are related to a novel system for providing a virtual controller in cloud-based gaming on a touch-sensitive device. Microsoft provides a cloud gaming service called XBOX Cloud Gaming that infringes that claims of the '709 patent by providing a server that enables touch-based, dynamic gaming controls as claimed in the '709 patent.

Microsoft denies infringement of both patents, and it further asserts that the patents are invalid. Microsoft's answer also includes a number of defenses pled without explanation. TS-Optics denies that the patents are invalid, or that any of Microsoft's defenses are viable.

**B.    Microsoft's Statement**

This is a patent infringement case filed by TS-Optics against Microsoft. TS-Optics alleges that it owns U.S. Patent No. 7,266,055 (the "'055 patent") and U.S. Patent No. 9,612,709 (the "'709 patent") (collectively, "Asserted Patents"). TS-Optics alleges that Microsoft infringes the Asserted Patents by making, selling, using, offering for sale, or importing into the United States certain XBOX products.

Microsoft denies that the Asserted Patents are infringed directly or indirectly. The Asserted Patents should also be deemed invalid and/or unenforceable. Microsoft has asserted counterclaims seeking declarations of invalidity and noninfringement.

**II.    SHORT SYNOPSIS OF THE PRINCIPAL ISSUES**

This is an action for patent infringement. The principal issues are likely to be as follows:

1. Whether Microsoft has infringed any of the asserted claims of the Asserted Patents in violation of 35 U.S.C. § 271;
2. Whether the asserted claims of the Asserted Patents meet the conditions for patentability and satisfy all of the requirements set forth in the provisions of 35 U.S.C. §§ 101, 102, 103, and 112;
3. Whether any of the asserted claims of the Asserted Patents are unenforceable;
4. Whether TS-Optics has standing or all substantial rights to sue on its own behalf;
5. Whether the named inventors are the proper named inventors for the asserted claims of the Asserted Patents;
6. Whether TS-Optics' claims are barred or limited by various doctrines including prosecution history estoppel, license or exhaustion, patent misuse, marking, or equitable doctrines, such as waiver, laches, acquiescence, and/or equitable estoppel;
7. The proper construction of terms in the asserted claims of the Asserted Patents;
8. If any of the asserted claims of the Asserted Patents is infringed and valid, the amount of damages, if any, adequate to compensate TS-Optics for Microsoft's alleged infringement under 35 U.S.C. § 284;
9. Whether attorneys' fees, costs, or expenses are recoverable by either party under 35 U.S.C. §§ 284 and/or 285; and
10. Whether an issuance of a permanent injunction is appropriate under 35 U.S.C. § 283.

### III. AMENDMENT OF PLEADINGS

The Parties do not currently anticipate seeking to add additional parties.

## IV. ISSUES TO BE DETERMINED BY MOTION

TS-Optics anticipates it may file one or more motions for summary judgment or adjudication at the appropriate time, included motions related to Microsoft's defenses.

Microsoft expects to file dispositive or partially dispositive motions, including motions seeking judgments of patent ineligibility, invalidity, and non-infringement, as well as unenforceability, as appropriate and depending on discovery. Microsoft may also file for summary judgment on additional or different issues depending on the discovery obtained, rulings that occur during the case, or other case developments.

The Parties believe that resolution of the case will be aided by a claim construction order issued prior to the close of fact discovery. The Parties request that the Court schedule a claim construction hearing, and have proposed the appointment of a special master, as detailed below.

The Parties reserve their rights to file any motion pursuant to the Federal Rules of Civil Procedure and/or Local Rules throughout the course of this litigation.

## V. STATEMENT REGARDING SETTLEMENT DISCUSSIONS

The Parties have not yet had any settlement negotiations.

The Parties agree to conduct formal settlement discussions and agree to mediation before a private mediator in line with Local Rule 16-15.4, ADR Procedure No. 3.

## VI. DISCOVERY PLAN

### A. Limitations On Discovery

The Parties agree that discovery need not be phased. The Parties agree on the following limitations for discovery. The Parties further agree that these limitations can be expanded by agreement of the Parties or by Court order.

1. *Interrogatories*: The Parties agree that there be a maximum of 25

interrogatories per side.

2. *Requests for Production*: The Parties agree that there shall be no limit on the number of Requests for Production.

3. *Requests for Admission*: The Parties agree that each side be able to propound no more than 25 requests for admission. In addition, the Parties agree that each side may propound no more than 75 requests used for the sole purpose of authenticating or stipulating to the admissibility of documents.

4. *Fact Deposition Time*: The Parties agree that each side is entitled to 70 hours of fact deposition time.

5. *Expert Deposition Time*: The Parties agree that expert depositions be limited to a maximum of 7 hours. If an expert submits more than 1 report, such as a report on both infringement/non-infringement and validity/invalidity, the expert may be deposed for 7 hours plus an additional 3.5 hours for each additional report.

6. *Email Discovery*: The parties agree to meet and confer regarding the need for and limits to the discovery of email, if necessary.

While the Parties agree that discovery should take place pursuant to the Federal Rules of Civil Procedure and the Local Rules, the Parties also contemplate and agree to the following: (i) expert discovery will follow the conclusion of fact discovery, as proposed below; and (ii) the Parties shall seek a claim construction order regarding constructions of certain terms in the asserted claims of the Asserted Patents.

**VII. TRIAL**

The Parties request a jury trial on issues to which a party is entitled to a jury.

TS-Optics proposes the Court's typical timing of ten (10) hours of evidence presentation per side, excluding jury selection, opening statement, and closing argument, is likely to be sufficient based on TS-Optics' present estimation .

Microsoft estimates that fourteen (14) hours of evidence presentation per side, excluding jury selection, opening statement, and closing argument, is likely to be sufficient based on its present estimation.

## VIII. OTHER ISSUES AFFECTING MANAGEMENT OF THE CASE

The parties agree to service via email. TS-Optics shall be served at ts-optics@raklaw.com. Microsoft shall be served at MLTS-Optics-Microsoft@morganlewis.com.

The parties propose the appointment of an appropriate technical Special Master for this case. TS-Optics and Microsoft defer to the preference of the Court regarding the identity of the Special Master. Microsoft would not object to the appointment of Mr. David Keyzer for such a role.

## IX. PROPOSED, SPECIFIC DATES FOR LITIGATION

The parties propose the following dates:

| Event | Parties' Proposal |
|---|---|
| Fact Discovery Cut-off | January 19, 2026 |
| Opening Expert Reports on issues where the party has burden of proof | February 16, 2026 |
| Rebuttal Expert Reports on issues where the party does not have burden of proof | March 16, 2026 |
| Expert Discovery Cut-off | April 13, 2026 |
| Deadline to file Dispositive and *Daubert* Motions | April 30, 2026 |

| | |
|---|---|
| Deadline to file Oppositions to Dispositive and *Daubert* Motions | May 14, 2025 |
| Deadline to file Replies in Support of Dispositive and *Daubert* Motions | May 28, 2025 |
| Final Motion Cut-off – Hearing on Dispositive and *Daubert* Motions | June 15 2026 at 8:30 a.m. |
| Final Pretrial Conference | August 10, 2026 at 8:30 a.m. |
| Trial | August 24, 2026 at 8:30 a.m. |

If the Court adopts the proposed used of a Special Master, the Parties agree to jointly submit a separate proposed order with these dates in accordance with the Court's practice in other matters. *See, e.g., Pinn, Inc. v. Apple, Inc.*, Case No. 8:19-cv-1805, Dkt. Nos. 73, 76 (C.D. Cal.); *MGI Dig. V. Duplo USA Corp.*, Case No. 8:22-cv-00979, Dkt. No. 46 (C.D. Cal.). TS-Optics proposes that the parties negotiate any necessary dates as ordered by the Court. Microsoft proposes the following additional dates:

| Event | Parties' Proposal |
|---|---|
| Disclosure of Asserted Claims and Infringement Contentions with Accompanying Document Production | 30 days after issuance of scheduling order |
| Last Day to File Motion to Join Parties or Amend Pleadings absent Leave from the Court | 60 days after issuance of scheduling order |
| Disclosure of Invalidity Contentions and Accompanying Document Production | 60 days after issuance of scheduling order |

7

JOINT 26(f) REPORT

| | |
|---|---|
| Exchange of Proposed Terms for Construction | July 31, 2025 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence | August 14, 2025 |
| Joint Claim Construction and Prehearing Statement | August 21, 2025 |
| Both Parties file Opening Claim Construction Briefs | September 4, 2025 |
| Both Parties file Responsive Claim Construction Briefs | September 18, 2025 |
| Claim Construction Hearing | October 16, 2025 or at the Court's convenience |

X.   **OTHER TOPICS UNDER RULE 26(f)**

    A.   **Rule 26(f)(3)(A):  Initial Disclosures**

The parties agree that disclosures under Fed. R. Civ. P. 26(a)(1) will be due on March 4, 2025.

    B.   **Rule 26(f)(3)(B):  Discovery Subjects, Phases Or Limitations, Completion Date**

Reserving each Party's right to object to any discovery served by the opposing Party, and without waiver of or prejudice to those rights, the Parties set forth below the subjects on which they currently expect to take discovery:

(1) prosecution of the Asserted Patents;

(2) conception and reduction to practice of the claimed inventions of the Asserted Patents;

(3) the inventorship, ownership, assignment, and/or license of the Asserted Patents;

(4) construction of any asserted claim of the Asserted Patents;

(5) validity/invalidity of the Asserted Patents;

(6) infringement/non-infringement of the Asserted Patents;

(7) willful infringement;

(8) Defendant's affirmative and other defenses;

(9) the extent and appropriate measure of damages (if any); and

(10) the availability of a permanent injunction.

The Parties agree that the subjects of discovery may ultimately encompass all claims and defenses alleged in the pleadings.

Additional, anticipated discovery by Microsoft includes:

1. The allegations raised in Plaintiff's pleadings;
2. Prior art to the Asserted Patents and the state of the art at the time that applications for the Asserted Patents were filed;
3. Plaintiff's litigation funding, if any;
4. The alleged value of the Asserted Patents;
5. Any purported embodiment(s) of the Asserted Patents, produced by Plaintiff or otherwise;
6. Facts and circumstances related to potential inequitable conduct during prosecution of the Asserted Patents; and
7. The basis for any claims or defenses raised by Plaintiff.

C.  **Electronic Discovery**

The Parties agree that, if necessary, the parties shall negotiate a procedure for email and/or text messages, instant messages or other types of message. The Parties further agree that back-up media are not reasonably accessible. If the parties agree that email discovery or discovery of other electronically stored information ("ESI") is necessary, the Parties will prepare a stipulated order on electronically stored information ("ESI") to be presented to the Court.

**D.  Privilege And Work Product Issues**

The Parties propose that the Parties are not required to log privileged or work product materials related to this litigation created after September 12, 2024, the date TS-Optics filed its original lawsuit.

**E.  Other Discovery Limitations**

The Parties do not believe that any additional limitations on discovery are necessary at this time.

**F.  Protective Order/ Scheduling Orders Needed**

The Parties agree that a protective order is needed in this case. The Parties are negotiating the terms of a protective order and will submit any agreed order and any disputed provisions to the Court for its approval or decision.

**XI.  OTHER TOPICS UNDER L.R. 26-1**

The Parties agree that this case does not constitute complex litigation, and there is no need to utilize the procedures of the Manual for Complex Litigation.

| | | |
|---|---|---|
| 1 | DATED: February 23, 2025 | Respectfully submitted, |
| 2 | | /s/ Benjamin T. Wang |
| 3 | | |
| 4 | | Benjamin T. Wang (CA SBN 228712)<br>bwang@raklaw.com |
| 5 | | Andrew D. Weiss (CA SBN 232974)<br>aweiss@raklaw.com |
| 6 | | Neil A. Rubin (CA 250761)<br>nrubin@raklaw.com |
| 7 | | Christian W. Conkle (CA SBN 306374)<br>cconkle@raklaw.com |
| 8 | | Daniel B. Kolko (CA SBN 341680)<br>dkolko@raklaw.com |
| 9 | | RUSS AUGUST & KABAT<br>12424 Wilshire Boulevard, 12th Floor |
| 10 | | Los Angeles, California 90025<br>Telephone: (310) 826-7474 |
| 11 | | Facsimile: (310) 826-6991 |
| 12 | | |
| 13 | | ***Attorneys for Plaintiff***<br>***TS-Optics Corporation*** |
| 14 | | |
| 15 | | /s/ Andrew V. Devkar |
| 16 | | |
| 17 | | Andrew V. Devkar, CA SBN 228809<br>andrew.devkar@morganlewis.com |
| 18 | | MORGAN, LEWIS & BOCKIUS LLP<br>2049 Century Park East |
| 19 | | Suite 700 |
| 20 | | Los Angeles, CA 90067-3109<br>Telephone:  (310) 907-1000 |
| 21 | | Facsimile:   (310) 907-2000 |
| 22 | | |
| 23 | | Natalie A. Bennett (*pro hac vice forthcoming*) |
| 24 | | natalie.bennett@morganlewis.com<br>MORGAN, LEWIS & BOCKIUS LLP |
| 25 | | 1111 Pennsylvania Ave. NW |
| 26 | | Washington, DC 20004-2541<br>Telephone:  (212) 739-3000 |
| 27 | | Facsimile:   (212)739-3001 |
| 28 | | 11 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Karon N. Fowler, CA SBN 308145
karon.fowler@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive, Suite 2800
Chicago, IL  60606-1511
Telephone: (312) 324-1000
Facsimile: (312) 324-1001

***Attorneys for Defendant Microsoft Corporation***

# CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Civil Rule 5-3.3 and 5.4.

Dated: February 23, 2025          /s/ *Andrew V. Devkar*
                                  Andrew V. Devkar

# Exhibit A: Schedule of Pretrial and Trial Dates Worksheet

| Case No.: 8:24-cv-01974-DOC-DFM | | | |
|---|---|---|---|
| Case Name: TS-Optics Corporation v. Microsoft Corporation | | | |
| **Event** | **Plaintiff's Request** month/day/year | **Defendant's Request** month/day/year | **Agreed Upon Date or Court Ordered Date** |
| Jury Trial **(Tuesdays at 8:30 a.m.)** | d | | August 24, 2026 |
| Est. Length (days) | 5 days (10 hours per side of evidence presentation) | 14 hours per side of evidence presentation | |
| Final Pretrial Conference [L.R. 16] **(Mondays at 8:30 a.m.)** | | | August 10, 2026 |
| Hearing on Dispositive Motions **(Mondays at 8:30 a.m.)** | | | June 15, 2026 |
| Cut-Off Date for All Fact Discovery | | | January 19, 2026 |
| Deadline for Settlement Conference | | | June 22, 2026 |
| Initial Expert Disclosure Deadline *(if applicable)* | | | February 16, 2026 |
| Rebuttal Expert Disclosure *(if applicable)* | | | March 16, 2026 |
| ADR [L.R. 16-15] Settlement Procedure Choice | Private Mediator | Private Mediator | Private Mediator |

1