RUSS AUGUST & KABAT
Benjamin T. Wang (CA SBN 228712)
bwang@raklaw.com
Andrew D. Weiss (CA SBN 232974)
aweiss@raklaw.com
Neil A. Rubin (CA 250761)
nrubin@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Daniel B. Kolko (CA SBN 341680)
dkolko@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
*TS-Optics Corporation*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TS-OPTICS CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICROSOFT CORPORATION,<br><br>　　　　Defendant. | Case No. 8:24-cv-01974-DOC-DFM<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR ISSUANCE OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE [LETTER ROGATORY]** |

Plaintiff TS-Optics Corporation (hereinafter "Plaintiff" or "TS-Optics") requests by this Application that this Court execute and issue the concurrently submitted Letters of Request for International Judicial Assistance to obtain documents and testimony from Hitachi-LG Data Storage, Inc. ("HLDS").

## I.  INTRODUCTION

Plaintiff filed suit in this court in September 2024 against Defendant Microsoft Corporation (hereinafter "Defendant" or "Microsoft"). This action involves Defendant's manufacture, use, sale, offer for sale and/or importation into the United States of infringing products, methods, processes, services and systems that are hardware encrypting memory products infringing one or more of the claims of United States Patent Nos. 7,266,055 and 9,612,709, both owned by TS-Optics. The suit seeks judgment of infringement of each of the Asserted Patents. Plaintiff seeks an award of damages from Defendant to compensate for the alleged patent infringement.

## II.  THE ACCUSED PRODUCTS

As it relates to this Letter of Request, the accused products include certain consumer electronic devices produced by Defendant and sold in the United States and elsewhere by Defendant, including Defendants' Xbox products with optical disk drives.

## III.  THIRD-PARTY MANUFACTURER HITACHI-LG DATA STORAGE, INC.

According to its website, HLDS maintains its headquarters in Tokyo, Japan.

## IV.  ARGUMENT

### A.  This Court Has Inherent Authority to Issue Letters Rogatory

Plaintiff SPEX Technologies, Inc. requests international judicial assistance to obtain evidence related to the accused products at issue in this case. The accused products incorporate certain components supplied to Defendants by third-party manufacturers Enova and Phison. "A court has inherent authority to issue letters

rogatory." *See United States v. Staples,* 256 F.2d 290, 292 (9th Cir. 1958); *United States v. Reagan,* 453 F.2d 165, 168 (6th Cir. 1971). 28 U.S.C. § 1781 also implicitly provides federal courts with authority to issue letters rogatory. 28 U.S.C. § 1781 (a)(2). Whether to issue such a letter is a matter of discretion for the court. *See United States v. Mason,* 1990 WL 185894, 3 (4th Cir. 1990). When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained. *DBMS Consultants Ltd. v. Computer Assocs. Int'l, Inc.,* 131 F.R.D. 367, 369 (D.Mass. 1990); *B&L Drilling Elecs. v. Totco,* 87 F.R.D. 24, 27 (D.Conn. 2003). Ultimately, a court's decision whether to issue a letter rogatory requires an application of Rule 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure." *See Evanston Insurance Company v. OEA, Inc.,* 2006 WL 1652315 at 2 (Rule 28(b) "must be read together" with Rule 26(c) in determining whether to issue letter rogatory); *B&L Drilling Elecs.,* 87 F.R.D. at 545 (Rule 28(b) "must be read together" with Rule 26(c) in determining whether to issue letter rogatory); and *DBMS Consultants Ltd., v. Computer Associates International, Inc.* 131 F.R.D. 367 at 369-70 (holding that request for letter rogatory was consistent with liberal discovery provisions of Rule 26(a), b(1)). In deciding whether to issue a letter rogatory, the Court essentially evaluates whether the discovery sought is permissible under the Federal Rules of Civil Procedure.

**B.     Plaintiff Seeks Information That is Within the Scope of Discovery under the Federal Rules of Civil Procedure.**

The information Plaintiff seeks through its Letter of Request for International Judicial Assistance is within the scope of discovery under the Federal Rules of Civil Procedure as it relates to HLDS parts supplied to Defendant that were ultimately incorporated into the accused products. Microsoft identifies HLDS as among the manufacturers of components for its optical disk drives. Plaintiff has sought from Defendant through discovery the information sought through this Letter of Request.

Accordingly, Plaintiff seeks international judicial assistance to acquire information in HLDS' possession that is relevant to Plaintiffs' infringement claims in this patent litigation.

### C. Plaintiff's Request Is Timely and Necessary to Prosecute its Claims.

According to publicly available information, HLDS maintains its principal place of business and perform research and development on its products in Japan. HLDS has access to and control over the materials sought through this Letter of Request and are likely to have in its sole possession, custody, or power the particular documents specified in the requests set forth herein. The evidence obtained through this request is intended for use at trial, and is highly relevant to the claims and defenses in the case.

Fact discovery closes in this matter on January 19, 2026. Given the time that it takes for international discovery to proceed through national and international channels and authorities, time is of the essence and Plaintiff respectfully requests issuance of these requests.

In order to prosecute its patent infringement claims against Defendant, Plaintiff requires the requested documents and testimony from this Third-Party Manufacturer relating to the components supplied and ultimately incorporated into the accused products at issue in this case. Assistance from the Appropriate Judicial Authority of Japan in obtaining the requested evidence from the Third-Party Manufacturer is required for the furtherance of justice and the due determination of matters in dispute between the parties. This request is made with the understanding that it will in no way require any person to commit any offense, or to undergo a broader form of inquiry than he or she would if the litigation were conducted in Japan.

As set out in the Letter of Request, the Requested State is Japan.

Plaintiff has concurrently submitted a Letter of Request for International Judicial Assistance for the Third-Party Manufacturer and has lodged two (2) original copies of it for the convenience of the Court. Plaintiff requests that this Court issue the Letters of Request and return them to:

>Andrew D. Weiss
>RUSS AUGUST & KABAT
>12424 Wilshire Boulevard, 12th Floor
>Los Angeles, California 90025

DATED: July 18, 2025     Respectfully submitted,

>/s/ Benjamin T. Wang
>
>Benjamin T. Wang (CA SBN 228712)
>bwang@raklaw.com
>Andrew D. Weiss (CA SBN 232974)
>aweiss@raklaw.com
>Neil A. Rubin (CA 250761)
>nrubin@raklaw.com
>Christian W. Conkle (CA SBN 306374)
>cconkle@raklaw.com
>Daniel B. Kolko (CA SBN 341680)
>dkolko@raklaw.com
>RUSS AUGUST & KABAT
>12424 Wilshire Boulevard, 12th Floor
>Los Angeles, California 90025
>Telephone: (310) 826-7474
>Facsimile: (310) 826-6991
>
>***Attorneys for Plaintiff***
>***TS-Optics Corporation***

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Central District of California using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

/s/ *Reza Mirzaie*
Reza Mirzaie