# Exhibit 1

MORGAN, LEWIS & BOCKIUS LLP
Andrew V. Devkar, CA SBN 228809
andrew.devkar@morganlewis.com
2049 Century Park East
Suite 700
Los Angeles, CA 90067-3109
Tel:   +1.310.907.1000
Fax:   +1.310.907.2000

Natalie A. Bennett (*pro hac vice*)
natalie.bennett@morganlewis.com
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Tel:   +1.212.739.3000
Fax:   +1.212.739.3001

*Attorneys for Defendant Microsoft Corporation*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TS-OPTICS CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Case No. 8:24-cv-01974-DOC-DFM<br><br>**MICROSOFT CORPORATION'S INITIAL DISCLOSURES**<br><br>**JURY TRIAL DEMANDED** |

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), Defendant Microsoft Corporation ("Defendant" or "Microsoft") through its undersigned counsel of record hereby certifies that the following disclosures are correct to the best of its knowledge, information, and belief, based on a reasonable inquiry into the issues and information reasonably available at the present time. Defendant's investigation is ongoing and it reserves all rights to amend or supplement these disclosures as new information and documents are located or discovered.

**I.     INDIVIDUALS WHO MAY HAVE DISCOVERABLE INFORMATION**

The following individuals may have discoverable information that Defendant may use to support its defenses or counterclaims. At this early stage of the litigation, Defendant's

investigation is ongoing, and it may discover additional individuals with relevant knowledge. Defendant discloses the names of individuals it currently believes to have knowledge of the facts that Defendant may use to support its defenses and counterclaims. Defendant reserves the right to supplement these disclosures as it becomes aware of additional individuals likely to have discoverable information concerning the claims or defenses in this lawsuit.

1. <u>Brian Bowman</u> – Mr. Bowman is a Lead Principal Software Engineer at Microsoft. He is likely to have information relevant to the claims and defenses at issue in this litigation, including but not limited to his work and knowledge concerning Xbox Cloud Gaming and touch controls, including their functionality and design. Mr. Bowman may be contacted only through Microsoft's counsel of record.

2. <u>Andy Banks</u> – Mr. Banks is a Software Development Engineer at Microsoft. He is likely to have information relevant to the claims and defenses at issue in this litigation, including but not limited to his work and knowledge concerning the optical disk drive ("ODD") and optical pickup unit ("OPU") in the accused products, including their specifications and manufacturing vendors. Mr. Banks may be contacted only through Microsoft's counsel of record.

3. <u>One or more Microsoft employees</u>: One or more Microsoft employees are likely to have information relevant to the claims and defenses at issue in this litigation, including but not limited to their work and knowledge concerning Microsoft's Xbox One, Xbox One S, Xbox One X, and Xbox Series X, including the ODD and OPU used in such devices. The one or more Microsoft employees may be contacted only through Microsoft's counsel of record.

4. <u>One or more employees or former employees of Lite-On Technology Corporation (Lite-On) or Philips & Lite-On Digital Solutions (PLDS)</u>: One or more employees or former employees of Lite-On and/or Philips & Lite-On Digital Solutions (PLDS) are likely to have information relevant to the claims and defenses at issue in this litigation, including but not limited to their work and knowledge concerning the design and operation of the ODD and OPU used in Microsoft's Xbox One, Xbox One S, Xbox One X, and Xbox Series X. Such individuals may also have knowledge of prior art in the ODD/OPU field that is relevant in this action.

5.  <u>One or more employees or former employees of Hitachi-LG Data Storage. Inc. (HLDS)</u>: One or more employees or former employees of HLDS are likely to have information relevant to the claims and defenses at issue in this litigation, including but not limited to their work and knowledge concerning the design and operation of the OPU used in Microsoft's Xbox One, Xbox One S, Xbox One X, and Xbox Series X.  Such individuals may also have knowledge of prior art in the ODD/OPU field that is relevant in this action.

6.  <u>One or more Microsoft employees</u>: One or more Microsoft employees are likely to have information relevant to the claims and defenses at issue in this litigation, including but not limited to their work and knowledge concerning Microsoft's Xbox Cloud Gaming, including the functionality and design of the virtual touch controls implemented in such devices.  The one or more Microsoft employees may be contacted only through Microsoft's counsel of record.

7.  <u>Katie Griffith (former consultant to Microsoft from PricewaterhouseCoopers; incoming Microsoft employee)</u>. Mr. Griffith is likely to have sales and financial information relating to the accused Microsoft products and may be contacted only though Microsoft's counsel of record.

Microsoft also believes that Plaintiff and its current and former employees and representatives may have knowledge of relevant facts and the following persons, who may or may not be subject to Plaintiff's control and contacted through Plaintiff's counsel of record, may have knowledge of relevant facts:

1.  <u>One or more representatives from Plaintiff</u>: One or more representatives form Plaintiff are likely to have information relevant to the claims and defenses at issue in this litigation, including but not limited to ownership and assignment of the Asserted Patents; conception, reduction to practice, design, and development relating to the Asserted Patents; prosecution of the Asserted Patents; commercialization, public demonstrations, and public disclosure of embodiments of the Asserted Patents; and history of the technology disclosed and claimed in the Asserted Patents.

Microsoft further believes that certain third parties, including but not limited to, the authors assignees of the prior art cited during prosecution of U.S. Patent Nos. 7,266,055 (the

"'055 Patent") and 9,612,709 (the "'709 Patent") (collectively, "the Asserted Patents") may have knowledge of relevant facts. In addition, Microsoft believes that the following third parties may have knowledge of relevant facts:

1. Won-ik Cho – Won-ik Cho is a named inventor of the '055 Patent and may have knowledge regarding conception, reduction to practice, design, and development relating to the '055 Patent; prosecution of the '055 Patent; commercialization, public demonstrations, and public disclosure of embodiments of the '055 Patent; history of the technology disclosed and claimed in the '055 Patent.

2. Byung-ryul Ryoo – Byung-ryul Ryoo is a named inventor of the '055 Patent and may have knowledge regarding conception, reduction to practice, design, and development relating to the '055 Patent; prosecution of the '055 Patent; commercialization, public demonstrations, and public disclosure of embodiments of the '055 Patent; history of the technology disclosed and claimed in the '055 Patent.

3. Young-pil Park – Young-pil Park is a named inventor of the '055 Patent and may have knowledge regarding conception, reduction to practice, design, and development relating to the '055 Patent; prosecution of the '055 Patent; commercialization, public demonstrations, and public disclosure of embodiments of the '055 Patent; history of the technology disclosed and claimed in the '055 Patent.

4. No-cheol Park – No-cheol Park is a named inventor of the '055 Patent and may have knowledge regarding conception, reduction to practice, design, and development relating to the '055 Patent; prosecution of the '055 Patent; commercialization, public demonstrations, and public disclosure of embodiments of the '055 Patent; history of the technology disclosed and claimed in the '055 Patent.

5. Dong Ryeol Shin – Dong Ryeol Shin is a named inventor of the '709 Patent and may have knowledge regarding conception, reduction to practice, design, and development relating to the '709 Patent; prosecution of the '709 Patent; commercialization, public demonstrations, and public disclosure of embodiments of the '709 Patent; history of the technology disclosed and claimed in the '709 Patent.

6.  <u>Choon Sung Nam</u> – Choon Sung Nam is a named inventor of the '709 Patent and may have knowledge regarding conception, reduction to practice, design, and development relating to the '709 Patent; prosecution of the '709 Patent; commercialization, public demonstrations, and public disclosure of embodiments of the '709 Patent; history of the technology disclosed and claimed in the '709 Patent.

7.  <u>Research & Business Foundation Sungkyunkwan University</u> – Research & Business Foundation Sungkyunkwan University was the original applicant for applications that resulted in the '709 Patent and may have information concerning conception, reduction to practice, design, and development relating to the '709 Patent; prosecution of the '709 Patent; commercialization, public demonstrations, and public disclosure of embodiment of the '709 Patent; history of the technology disclosed and claimed in the '709 Patent.

8.  <u>One or more persons from North Star Intellectual Property Law, PC</u> – One or more persons from North Star Intellectual Property Law, PC were involved in the prosecution of the '709 Patent and may have information concerning: the prosecution, maintenance and related applications of these patents, and the conception and reduction to practice of any purported inventions disclosed, prior art, and the filing and prosecution of this patent or any related patents or patent applications.

9.  <u>One or more persons from Staas & Halsey LLP</u> – One or more persons from Staas & Halsey LLP were involved in the prosecution of the '055 Patent and may have information concerning: the prosecution, maintenance and related applications of these patents, and the conception and reduction to practice of any purported inventions disclosed, prior art, and the filing and prosecution of this patent or any related patents or patent applications.

Microsoft reserves the right to supplement these disclosures, if necessary, as additional investigation and discovery are conducted, which may reveal new facts or information.

II.  **DESCRIPTION OF DOCUMENTS BY CATEGORY**

Defendant may use the following categories of documents, electronically stored information, and/or tangible things to support Defendant's defenses to Plaintiff's claims to the extent such documents, electronically stored information, and/or tangible things exist. Defendant

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

MICROSOFT CORPORATION'S
INITIAL DISCLOSURES

reserves the right to supplement and/or amend these disclosures as additional investigation and discovery are conducted, which may reveal new facts or information. Defendant will not disclose information which is subject to the attorney-client privilege, constitutes protected work product, or is subject to any other applicable privileges or protections.

- Prior art to the '055 Patent and documents relating to the state of the art at the time of the purported invention of the '055 Patent;
- Prior art to the '709 Patent and documents relating to the state of the art at the time of the purported invention of the '709 Patent;
- Documents relating to the design, development, features, production, sales efforts, distribution, and other aspects of the accused Xbox One, Xbox One S, Xbox One X, and XBOX Series X functionality;
- Documents relating to the design, development, features, software specifications, source code, and operation of the accused Xbox Cloud Gaming;
- Source code relating to the accused Xbox Cloud Gaming;
- Documents relating to the marketing and advertising of the accused Xbox One, Xbox One S, Xbox One X, and XBOX Series X products and functionality;
- Documents relating to the marketing and advertising of the accused Xbox Cloud Gaming feature and functionality;
- Documents relating to manufacturing vendors for the ODD and/or OPU implemented in any of the Xbox One, Xbox One S, Xbox One X, and XBOX Series X products;
- Documents relating to assignment(s) and/or ownership of the '055 Patent and '709 Patent;
- Documents produced by Plaintiff and/or identified in Plaintiff's Initial Disclosures, discovery responses, and/or any amendments thereto.

### III.   ESTIMATION OF DAMAGES CLAIMED

Defendant does not currently seek damages. Defendant reserves the right to seek recovery of its attorney's fees and costs in this action.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

MICROSOFT CORPORATION'S
INITIAL DISCLOSURES

### IV. INSURANCE AGREEMENT

Defendant is unaware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action related to the '709 Patent or to indemnify or reimburse for payments made to satisfy any such judgment.

Dated: March 4, 2025

*s/ Andrew V. Devkar*
MORGAN, LEWIS, & BOCKIUS, LLP
Andrew V. Devkar
2049 Century Park East
Suite 700
Los Angeles, CA 90067-3109
Tel: 310.907.1000
andrew.devkar@morganlewis.com

Natalie A. Bennett
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Tel: 212.739.3000
natalie.bennett@morganlewis.com

*Attorneys for Defendant Microsoft Corporation*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

MICROSOFT CORPORATION'S
INITIAL DISCLOSURES

**CERTIFICATE OF SERVICE**

I certify that on March 4, 2025, I caused a true and correct copy of the foregoing document to be served on the counsel of record via email.

/s/ Andrew V. Devkar