UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SA CV 24-01974-DOC (DFMx) | Date: | August 25, 2025 |
|---|---|---|---|
| Title | TS-Optics Corporation v. Microsoft Corporation | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Plaintiff(s): | | Attorney(s) for Defendant(s): |
| Not Present | | Not Present |

| **Proceedings:** | **(IN CHAMBERS)** Order Granting in Part Motion for Issuance of Letter of Request for International Judicial Assistance (Dkt. 47) |
|---|---|

Plaintiff TS-Optics Corporation ("TS-Optics") has filed a Motion for Issuance of Letter of Request for International Judicial Assistance, seeking assistance from the authorities of Japan to obtain documents and deposition testimony from Hitachi-LG Data Storage, Inc. ("HLDS"). See Dkt. 47 ("Mot."). The matter was referred to me. See Dkt. 49.

The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. For the reasons set forth below, the Motion is GRANTED IN PART. The Court will sign and return the Letter Rogatory once revised consistent with this Order.

I. BACKGROUND

In September 2024, TS-Optics sued Defendant Microsoft Corporation for patent infringement. See Dkt. 1. TS-Optics is the owner by assignment of Patent No. 7,266,055, concerning an optical pickup actuator that Microsoft is accused of using and selling. See Mot. at 2. According to Microsoft, certain aspects of the accused actuators are provided by HLDS. See id.

II. LEGAL STANDARD

"A letter rogatory is a formal written request sent by a court to a foreign court asking that the testimony of a witness residing within that foreign court's jurisdiction be taken pursuant to the direction of that foreign court and transmitted to the requesting court for use in a pending action." Barnes & Noble, Inc. v. LSI Corp., No. 11-02709, 2012 WL 1808849 at *1 (N.D. Cal. May 17, 2012); see also Fed. R. Civ. P. 28(b)(1)(B) ("A deposition may be taken in a foreign country . . . under a letter of request, whether or not captioned a 'letter rogatory.'"). A federal district court has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

the inherent authority to issue a letter rogatory. See United States v. Staples, 256 F.2d 290, 292 (9th Cir. 1958). The court is also implicitly authorized to do so under 28 U.S.C. § 1781, which governs the transmittal and receipt of letters rogatory.

"Whether to issue such a letter is a matter of discretion for the court." Barnes & Noble, 2012 WL 1808849 at *1. "When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained." Asis Internet Servs. v. Optin Glob., Inc., No. 05-05124, 2007 WL 1880369 at *3 (N.D. Cal. June 29, 2007). "A court's decision whether to issue a letter rogatory, though, does require an application of Rule 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure." Id. (denying request for a letter rogatory that did not appear reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1)).

Accordingly, discovery by letters rogatory "is consistent with the liberal discovery provisions of Rule 26." Viasat, Inc. v. Space Systems/loral, Inc., No. 12-0260, 2013 WL 12061801, at *3 (S.D. Cal. Jan 14, 2013). Rule 26 allows parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial as long as it appears reasonably calculated to lead to the discovery of admissible evidence.

### III. DISCUSSION

TS-Optics requests that the Court issue the attached Letter of Request to the Judicial Authorities of Japan. See Mot. at 3; Dkt. 47-1 (Letter). The Letter requests that:

THIS COURT REQUESTS THE ASSISTANCE DESCRIBED HEREIN AS NECESSARY IN THE INTERESTS OF JUSTICE.  THE ASSISTANCE REQUESTED IS THAT THE APPROPRIATE JUDICIAL AUTHORITY OF JAPAN:

1. CAUSE THE SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES AND ALSO THE SUBPOENA TO TESTIFY AT A DEPOSITION TO BE SERVED UPON HITACHI-LG DATA STORAGE, INC. AT 1080022 22-23, KAIGAN 3CHOME, MINATO-KU, TOKYO, JAPAN; AND

2. RETURN THE PROOF OF SERVICE ("CERTIFICATE") TO THIS COURT.

Letter at 5. The request is made "pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters." Id at 1.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

However, "Japan is not a party to the Hague Convention on the Taking of Evidence in Civil or Commercial Matters." J.C. Renfroe & Sons, Inc. v. Renfroe Japan Co., Ltd., 515 F. Supp. 2d 1258, 1272 (M.D. Fla. 2007); see also Judicial Assistance Country Information, Japan, U.S. Department of State—Bureau of Consular Affairs, available at https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Japan.html (last accessed August 21, 2025). "Japanese law does not include any provision for compulsion of documents in civil cases; 'attempts to compel such evidence by means of letters rogatory have proven unsuccessful.'" J.C. Renfroe, 515 F. Supp. at 1273 (quoting Obtaining Evidence in Japan, 740 PLI/Lit at 42)).

Japan is a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. "Articles 2 through 6 provide a procedure for signatory countries to designate a 'Central Authority' to receive and facilitate service of process from other countries. Japan has designated its Minister of Foreign Affairs for this purpose." Uppendahl v. Am. Honda Motor Co., Inc., 291 F. Supp. 2d 531, 532-33 (W.D. Ky. 2003).

Accordingly, TS-Optics must revise its Letter to remove reference to the Hague Convention on the Taking of Evidence in Civil or Commercial Matters. Once resubmitted, the Letter will be duly signed by the Court. The Clerk of Court will then stamp the Letter with the seal of the Court for transmission to the Appropriate Judicial Authority in Japan. The Clerk of Court shall then return the Letter to counsel for TS-Optics for transmission to the United States Department of State.