# Exhibit 4

DECLARATION OF MASUD MANSURIPUR, PH.D.
IN SUPPORT OF PETITION FOR *INTER PARTES* REVIEW
OF U.S. PATENT NO. 7,266,055

UNITED STATES PATENT AND TRADEMARK OFFICE

---

BEFORE THE PATENT TRIAL AND APPEAL BOARD

---

MICROSOFT CORPORATION,

Petiioner,

v.

TS-OPTICS CORPORATION,

Patent Owner.

PTAB Case No. IPR2025-00767

Patent No. 7,266,055

---

**DECLARATION OF MASUD MANSURIPUR, PH.D., IN SUPPORT OF PETITION FOR *INTER PARTES* REVIEW OF U.S. PATENT NO. 7,266,055**

MICROSOFT - EX. 1002

35. A Notice of Allowance was issued on April 27, 2007, which did not provide a specific reason for allowance. *Id*., 142-146. Subsequently, Applicant filed an information disclosure statement (IDS) on June 29, 2007 (*id*., 23-28); the '055 patent issued on September 4, 2007. After issuance, Applicant filed a certificate of correction to delete "to" that appeared after "each" in column 12, line 41 in claim 21. *Id*., 9-10.

### D. The Challenged Claims

36. Claims 1-8, 10-15, 17, 19, 21, 23-24, 26, 28, 36-38, 40-45 of the '055 patent are being challenged.

### E. Claim Construction

37. I understand that claim terms generally are construed in accordance with the ordinary and customary meaning they would have to a POSITA at the time of the invention in light of the claim language, the specification, and the prosecution history. I understand that dictionaries and other extrinsic evidence may be considered as well, though such evidence is typically regarded as less significant than the intrinsic record in determining the meaning of the claim language.

38. For all terms of the challenged claims of the '055 patent, I have interpreted them as they would have been understood by a POSITA at the time of the priority date of the '055 patent.

39. It is my opinion that there are no terms that require construction to address this petition, and I rely on their ordinary and customary meaning as outlined in paragraph 37 above.

## IV. UNPATENTABILITY OF THE '055 PATENT CLAIMS

### A. Standards for Invalidity

#### 1. Obviousness

40. I am informed and understand that a patent cannot be properly granted for subject matter that would have been obvious to a person of ordinary skill in the art at the time of the alleged invention, and that a patent claim directed to such obvious subject matter is invalid under 35 U.S.C. § 103. It is also my understanding that in assessing the obviousness of claimed subject matter, one should evaluate obviousness in light of the prior art from the perspective of a person having ordinary skill in the art at the time the alleged invention was made (and not from the perspective of either a layman or a genius in that art). It is my further understanding that the question of obviousness is to be determined based on several factors that include:

- The scope and content of the prior art;
- The difference or differences between the subject matter of the claim and the prior art (whereby in assessing the possibility of obviousness

DECLARATION OF MASUD MANSURIPUR, PH.D.
IN SUPPORT OF PETITION FOR *INTER PARTES* REVIEW
OF U.S. PATENT NO. 7,266,055

**6. Claim 7: "The optical pickup actuator according to claim 1, wherein the magnetic element comprises a pair of unipolar magnets disposed opposite each other with respect to the blade and have the same polarity."**

66. Claim 7 (and a few others in the '055 patent) recites a (pair of) unipolar magnet(s). But it would have been obvious to a POSITA (which had some level of experience and/or education in this area) that this claim limitation is describing unipolar interaction with the magnet(s), and not a "unipolar" magnet itself, as I explain below.

67. A true unipolar magnet does not exist, and all magnets are bipolar, which means the magnet has a north pole and a south pole. In the context of optical pickup actuators, a unipolar magnet refers to using the magnet in such a way that only one pole – either north or south (but not both) – faces and interacts with a particular coil. This type of unipolar interaction is also described in the '055 patent's description, where in Figure 5 (annotated below), magnetic element 180 is positioned such that only its north pole (N) is facing, and interacting with, coils 141 and 142. Ex. 1001, 6:19-54.

- 40 -

MICROSOFT - EX. 1002

DECLARATION OF MASUD MANSURIPUR, PH.D.
IN SUPPORT OF PETITION FOR *INTER PARTES* REVIEW
OF U.S. PATENT NO. 7,266,055



Figure 5 of '055 patent
(annotated)

68. While Figure 5 does not annotate the south (S) pole of magnets 180 perhaps because its illustration was not relevant to the magnetic interaction, Figure 2 of the '055 patent (below), which also shows a unipolar interaction, more clearly labels both the north and south poles of magnets (22a, b). Notably, the north pole of magnets 22a, 22b are facing coils 12a, and 12b, respectively, and interact with those coils. Ex. 1001, 1:36-37, 1:48-52.

- 41 -

DECLARATION OF MASUD MANSURIPUR, PH.D.
IN SUPPORT OF PETITION FOR *INTER PARTES* REVIEW
OF U.S. PATENT NO. 7,266,055

69. Figure 2 also shows a bipolar interaction, where magnets 21a and 21b are positioned such that both their north and south poles face, and interact with, coils 11a, and 11b. *Id.*



Figure 2 of '055 patent
(annotated)

70. Based on the description of the '055 patent, and its own knowledge, a POSITA would have understood that the recitation of a pair of unipolar magnets in claim 7 refers to unipolar interaction of the magnets with the coil(s) facing those magnets.

DECLARATION OF MASUD MANSURIPUR, PH.D.
IN SUPPORT OF PETITION FOR *INTER PARTES* REVIEW
OF U.S. PATENT NO. 7,266,055

I hereby declare that all the statements made in this declaration are based on my own true knowledge, that all statements made on information and belief are believed to be true, and that all statements were made with the knowledge that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001. I declare under the penalty of perjury under the laws of the United States that all statements made in this declaration are true and correct.

Dated this 27 day of March, 2025         /Masud Mansuripur/

                                                                Masud Mansuripur, Ph.D.