# EXHIBIT 9

**REMARKS**

Claims 1-15 currently are pending, with claims 1-10, 12, and 15 being amended by way of this Paper. Support for these amendments can be found throughout the specification as filed, for example, at least Figure 1 and paragraph [0049] of the published application. Accordingly, it is respectfully submitted that the above amendments introduce no new subject matter. Reconsideration of the pending application is respectfully requested in view of the amendments and the following remarks.

**Claim Rejection Under 35 USC §112, second paragraph**

Claims 1-10 are rejected under 35 USC §112, second paragraph, as being indefinite. Applicants submit that amended claims 1-10 are not indefinite. For example, the antecedent basis issue previously affecting claim 9 is herein addressed. Additionally, Applicants note that amended claims 1-10 are directed to either a mobile terminal, a computer, or a system which includes physical structures. The written description of the specification also discloses a computer and/or mobile terminal (see e.g., Figure 1). Therefore, Applicant kindly requests withdrawal of the rejection of claims 1-10 as being indefinite.

**Claim Rejection Under 35 USC §112, fourth paragraph**

Claims 3, 8, and 15 are rejected under 35 USC 112, fourth paragraph, as being improper dependent claims. Applicants submit that claims 3 and 8, as amended, are proper dependent claims. For example, each of claims 3 and 8 further limit the subject matter of the claim upon which it depends. Claim 15 has been converted to an independent claim. Therefore, Applicants kindly request withdrawal of the rejection of these claims as being improper dependent claims.

**Claim Rejections Under 35 USC §§102(b) and 103(a)**

Claims 1, 3, 4, 6-9, 11, and 13-15 are rejected under 35 USC §102(b) as being anticipated by *Porwal* (US 2011/0009195), and claims 2, 5, 10, and 12 are rejected under 35 USC §103(a) as being unpatentable over *Porwal* in view of *Ohta* et al. (US 2012/0044177). Applicants traverse these rejections for at least the following reasons.

8

**Independent claims 1, 4, 9, and 11**

*Porwal* fails to disclose button setting information including mapping relationship between key inputs to the application and virtual input messages, as presently recited in independent claim 1 and similarly recited in independent claims 4, 9, and 11. In fact, *Porwal* fails to disclose any mapping relationship, as the term would have been understood by one of ordinary skill in the art, let alone the specific mapping relationship recited. For clarification, an example of a mapping arrangement is described in paragraph [0067] of this application. Instead of a mapping relationship, *Porwal* discloses a game controller 103 with virtual control buttons 108, 110, 112 (see, paragraph [0024]). As game controller 103 is the only game controller disclosed in *Porwal*, there is no suggestion that the virtual control buttons 108, 110, 112 are mapped key inputs to the corresponding application. Rather, upon actuation of the virtual control buttons 108, 110, 112, a signal corresponding to the specific button being actuated is sent (e.g. see, paragraphs [0039] and [0041]), rather than the signal corresponding to another button to which the virtual control button is mapped. That is, *Porwal* fails to disclose a mapping relationship, as recited in claims 1, 4, 9, and 11. Therefore, Applicants submit that *Porwal* fails to disclose each and every feature, and the combination thereof, recited in the independent claims. Accordingly, Applicants kindly request withdrawal of the rejection of claim claims 1, 4, 9, and 11.

**Dependent claims 2, 3, 5-8, 10, and 12-15**

Applicants submit that claims 2, 3, 5-8, 10, and 12-15 are considered allowable for at least the reason that they each depend from an allowable independent claim. Other reasons include, but are not limited to, the features recited in each of claims 2, 3, 5-8, 10, and 12-15, which may be discussed at a later time if expedient to do so. For example, *Porwal* and *Ohta* fail to disclose an acceleration data filter that is configured to generate a movement input message that is mapped to a key input of the application, as currently recited in claim 2. Therefore, Applicants kindly request withdrawal of the rejections of these claims.

**Conclusion**

Applicant has amended the claims to further prosecution for a disclosed embodiment, and not in response to the merits of the outstanding rejections.  Applicant reserves the right to prosecute broader claims or embodiments, including the original claims, in a continuing application.

There being no further outstanding objections or rejections, it is submitted that the application is in condition for allowance.  An early action to that effect is courteously solicited.

Finally, if there are any formal matters remaining after this response, the Office is requested to telephone the undersigned to attend to these matters.

In the event this paper is not being timely filed, Applicant respectfully petitions for an appropriate extension of time.  Any fees for such an extension together with any additional fees only associated with the processing of this Response and any other documents filed concurrently with this Paper may be charged to Counsel's Deposit Account 50-5113.


Respectfully submitted,


Date:  April 12, 2016                    /Alexandros R. Diamantis/

                                         Alexandros R. Diamantis
                                         Registration No. 66,258


NSIP Law
1120 Connecticut Avenue, NW
Suite 304
Washington, DC 20036
Telephone (202) 429-0020, ext. 321
Facsimile (202) 315-3758